**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 12-6437**

—————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

MARVIN HAMPTON,

                Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Orangeburg.   Margaret B. Seymour, Chief
District Judge.  (5:05-cr-00609-MBS-1)

—————

Submitted:  June 21, 2012              Decided:  June 26, 2012

—————

Before GREGORY, SHEDD, and DAVIS, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Marvin Hampton, Appellant Pro Se.   Jane Barrett Taylor,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Hampton appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction in his sentence based on Amendment 750 to the U.S. Sentencing Guidelines Manual (2010). We conclude that the district court properly determined that Hampton was ineligible for a sentence reduction because the sentencing range for his crack cocaine offense was determined by the applicable statutory mandatory minimum, not a calculation of the drug quantity attributable to Hampton, and thus was not impacted by Amendment 750. See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)."). Accordingly, we affirm the district court's order. See United States v. Hampton, No. 5:05-cr-00609-MBS-1 (D.S.C. Feb. 28, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2